**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| **SHAWN GASTON, #M24670,**<br><br>**Plaintiff,**<br><br>**vs.**<br><br>**ANTHONY WILLS,**<br>**MATTHEW PLUMMER,**<br>**C/O DAME,**<br>**C/O DULANEY,**<br>**MS. K,**<br>**C/O BAKER,**<br>**C/O DILLMAN,**<br>**C/O SMITH,**<br>**C/O RAMSEY,**<br>**SANITATION OFFICER JOHN DOE 1,**<br>**MED TECH JOHN DOE 2,**<br>**and OTHER JOHN/JANE DOES,**<br><br>**Defendants.** | ) | **Case No. 26-cv-00839-SMY** |

## MEMORANDUM AND ORDER

**YANDLE, Chief District Judge:**

Plaintiff Shawn Gaston filed this civil rights action pursuant to 42 U.S.C. § 1983 for alleged constitutional deprivations arising from the conditions of his confinement at Menard Correctional Center. (Doc. 1). The Complaint is before the Court for review under 28 U.S.C. § 1915A, which requires screening and dismissal of any portion that is legally frivolous or malicious, fails to state a claim for relief, or seeks money damages from an immune defendant. *Id.*

### The Complaint

Plaintiff makes the following allegations in the Complaint (Doc. 1, pp. 4-9): Plaintiff was placed in restrictive housing in Menard's North 2 Cell House from August 9, 2024 through August 8, 2025. *Id.* at 4. He stayed in 2 Gallery and 7 Gallery. *Id.* at 4-5.

Both galleries contained bugs and black mold, and the vent ducts were clogged with dust. *Id*. at 5, 7. Inmates who were housed in nearby suicide/homicide observation cells frequently flooded their cells with wastewater and played in the urine and feces. When the chuckholes were open, these inmates would throw feces against the gallery walls. Individuals in observation were also subject to tactical team extractions involving the use of chemical agents. C/O Baker, C/O Ramsey, and other John/Jane Does deployed excessive chemical agents in enclosed, unventilated areas. Plaintiff was exposed to the residual chemical cloud and suffered from nosebleeds, nose sores, burning sensations, and breathing difficulties. He was denied decontamination and cleaning supplies after these daily chemical deployments. *Id*.

Plaintiff stayed in 2 Gallery for his first 52 days in restrictive housing. C/O Baker assigned him to a cell that was flooded with wastewater. Plaintiff had to clean it without proper protective equipment. He was given no mattress or bedding for 3 days, so he slept on metal. *Id*. at 4-5.

For the next 10 months, Plaintiff was moved to 7 Gallery and housed directly above the suicide/homicide observation cells. For the first 3 months, the gallery was not assigned to the shower schedule, so Plaintiff was offered no shower. He was also denied yard and recreation for the entire year, except on 2 occasions. He could not get fresh air. Plaintiff complained about these conditions and his resulting neck pain, back pain, nose sores, and nosebleeds to C/O Dulaney, C/O Dame, and C/O Ms. K, but they took no corrective action. *Id*.

Plaintiff sought medical treatment for his back pain, neck pain, breathing issues, and nose sores. *Id*. at 6. From May through July 2025, he submitted several sick call requests to Med Tech John Doe, but no medical care was provided. Plaintiff still seeks treatment for these conditions. Plaintiff blames Wardens Anthony Wills and Matthew Plummer for negligently exposing him to these unconstitutional living conditions and inadequate medical care. *Id*.

When Plaintiff filed grievances about these conditions, C/O Dillman and C/O Smith placed them in a "secured grievance box." *Id.* at 4. Most of these grievances vanished. The officers either ignored the grievances or intentionally destroyed them. As a result, the prison grievance process was unavailable to Plaintiff. *Id.*

**Preliminary Dismissals**

Plaintiff identifies "John Doe 1 (Sanitation Officer)" as a defendant but makes no allegations against him in the Complaint. When a plaintiff fails to include the name of a defendant in his statement of claim or set forth allegations against him, that defendant cannot be said to have notice of which claims, if any, are directed against him/her. FED. R. CIV. P. 8(a)(2). Accordingly, this defendant will be dismissed without prejudice.

Plaintiff also identifies "John/Jane Does (Other Unknown Staff)" as a group defendant. The group is not a "person" subject to suit under § 1983, and the individuals are not easily identified. *Burks v. Raemisch*, 555 F.3d 592, 594 (7th Cir. 2009) (a plaintiff bringing a § 1983 suit must "generally name the 'persons responsible for the problem.'"); *Hickman v. St. Clair Cnty. Jail*, 2020 WL 3489239 (S.D. Ill. June 26, 2020) (dismissing group defendants including "Wexford health staff" and "Jail maintenance crew"). Therefore, this group will be dismissed without prejudice.

**Discussion**

The Court designates the following claims in the *pro se* Complaint:

Count 1: Eighth Amendment claim against Defendants for subjecting Plaintiff to unconstitutional living conditions in Menard's North 2 Cell House from August 9, 2024 through August 8, 2025.

Count 2: Eighth or Fourteenth Amendment claim against Wardens Wills and Plummer for negligently exposing Plaintiff to unconstitutional living conditions and inadequate medical care in Menard's North 2 Cell House from August 9, 2024 through August 8, 2025.

Count 3: Eighth Amendment claim against Med Tech John Doe, C/O Dulaney, C/O Dame, and C/O Ms. K for disregarding or denying Plaintiff's requests for treatment of back pain, neck pain, breathing issues, nose sores, and/or nosebleeds from August 9, 2024 through August 8, 2025.

Count 4: First and/or Fourteenth Amendment claim against C/O Dillman and C/O Smith for interfering with Plaintiff's ability to file grievances about his living conditions and medical issues.

Any other claim mentioned in the Complaint but not addressed herein is dismissed without prejudice. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (action fails to state a claim if it does not plead "enough facts to state a claim to relief that is plausible on its face").

**Count 1**

The Eighth Amendment protects inmates against the denial of "the minimal civilized measure of life's necessities," including adequate food, shelter, clothing, and medical care. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). A plaintiff bringing a claim under the Eighth Amendment must plead facts suggesting he suffered from an objectively serious deprivation and that each defendant responded with deliberate indifference. *Id*. at 834.

Plaintiff's allegations articulate a claim for unconstitutional living conditions against C/O Baker and C/O Ramsey, for allegedly exposing him to wastewater and chemical agents while also denying him cleaning supplies, a mattress, and bedding in 2 Gallery and/or 7 Gallery. The Complaint also states a claim against C/O Dulaney, C/O Dame, and Ms. K for allegedly subjecting Plaintiff to filthy living conditions in 7 Gallery while denying him showers, cleaning supplies, recreation/yard, and/or fresh air. Count 1 survives screening against Defendants Baker, Ramsey, Dulaney, Dame, and K and will be dismissed without prejudice against all other defendants.

**Count 2**

Plaintiff cannot proceed with a claim against the wardens for negligently subjecting him to unconstitutional living conditions in violation or the Eighth Amendment. Negligence does not support a claim under the Eighth Amendment, and Plaintiff alleges nothing more. *See Smith v. Price*, 188 F.4th 988, 999 (7th Cir. 2026) ("Deliberate indifference is more than mere negligence or carelessness; it is something approaching a total unconcern for inmate safety."). Plaintiff also cannot state a claim against the wardens based on the misconduct of their subordinates under either the Eighth or Fourteenth Amendments as the doctrine of *respondeat superior* does not apply to § 1983 suits. *Bostic v. Murray*, 160 F.th 831, 841 (7th Cir. 2025) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 667 (2009) (a supervisor is only liable for his or her own misconduct). Count 2 will be dismissed against both wardens without prejudice.

**Count 3**

To state an Eighth Amendment claim for the denial of medical care, a plaintiff must plead facts suggesting (1) he suffered from a serious medical condition; and (2) each defendant was deliberately indifferent. *Roe v. Elyea,* 631 F.3d 843, 857 (7th Cir. 2011). A condition that significantly affects an individual's daily activities or involves chronic and substantial pain is considered objectively serious. *Gutierrez v. Peters,* 111 F.3d 1364, 1373 (7th Cir. 1997).

Plaintiff's Complaint does not include enough details about his medical conditions to demonstrate any are objectively, sufficiently serious. He mentions back pain, neck pain, breathing issues, nose sores, and nosebleeds, but he does not describe the intensity, frequency, duration, or impact of these conditions on his daily life. The Complaint also fails to describe deliberate indifference. Plaintiff alleges he alerted several defendants to his health conditions, but does not

describe when, how often, or how each person responded. Count 3 will be dismissed without prejudice against all defendants.

**Count 4**

As for Plaintiff's claim that certain defendants mishandled his grievances, prison grievance procedures are not constitutionally mandated. The Constitution requires no procedure at all, and the failure of state prison officials to follow their own procedures does not, of itself, violate the Constitution. *Maust v. Headley,* 959 F.2d 644, 648 (7th Cir. 1992). The alleged mishandling of grievances "by persons who otherwise did not cause or participate in the underlying conduct states no claim." *Owens v. Hinsley*, 635 F.3d 950, 953 (7th Cir. 2011).

Although he is required to exhaust all available administrative remedies before bringing suit in federal court under the Prison Litigation Reform Act (PLRA), 42 U.S.C. § 1997e(a), a prisoner is relieved of this duty to exhaust his administrative remedies when prison officials make the process unavailable. *Thomas v. Reese*, 787 F.3d 845, 847 (7th Cir. 2015). Given this, C/O Dillman and C/O Smith's alleged interference with Plaintiff's grievances does not give rise to a claim under the First or Fourteenth Amendment. Count 4 will be dismissed without prejudice against both defendants.

**Disposition**

The Complaint (Doc. 1) survives screening under 28 U.S.C. § 1915A, as follows:

- **COUNT 1** will proceed against **C/O BAKER, C/O RAMSEY, C/O DAME, C/O DULANEY,** and **MS. K**, in their individual capacities.
- The **CURRENT WARDEN OF MENARD CORRECTIONAL CENTER** is **ADDED** as a defendant, in an official capacity, and is responsible for responding to discovery aimed at identifying **"Ms. K"** by first and last name.

**ALL OTHER CLAIMS** and **DEFENDANTS** are **DISMISSED** without prejudice for failure to state a claim upon which relief can be granted.

The Clerk shall prepare for **C/O BAKER, C/O RAMSEY, C/O DAME, C/O DULANEY,** and **MS. K** (once identified): (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint (Doc. 1), and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require the Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If a Defendant cannot be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk and shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g). **Pursuant to SDIL-Local Rule 8.2, Defendants need only respond to the issues stated in this Merit Review Order**.

Plaintiff is **ADVISED** that if judgment is rendered against him and the judgment includes the payment of costs under 28 U.S.C. §1915, he will be required to pay the full amount of the costs, even though he was granted *in forma pauperis* status. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is further **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and the opposing parties informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **14 days**

after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: November 24, 2026**

**STACI M. YANDLE**
**Chief U.S. District Judge**

**Notice to Plaintiff**

Once identified, the Court will take the necessary steps to notify the Defendants of your lawsuit and serve them with a copy of your Complaint. After service has been achieved, Defendants will enter an appearance and file an Answer to your Complaint. It will likely take at least **60 days** ***from the date they are served with this lawsuit*** to receive the Defendants' Answers, but it is entirely possible that it will take **90 days** or more. When Defendants have filed their Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for Defendants before filing any motions, to give the Defendants notice and an opportunity to respond to those motions. Motions filed before Defendants' counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at this time, unless specifically directed to do so.